929 So.2d 1137 (2006)
Richard Alan PATE, Appellant,
v.
STATE of Florida, Appellee.
No. 5D04-3098.
District Court of Appeal of Florida, Fifth District.
June 2, 2006.
*1138 James S. Purdy, Public Defender, and Susan A. Fagan, Assistant Public Defender, Daytona Beach, for Appellant.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Rebecca Roark Wall, Assistant Attorney General, Daytona Beach, for Appellee.
PER CURIAM.
We affirm the lower court in all respects except for a sentencing discrepancy. Appellant was sentenced in five cases during one proceeding. The parties referred to four of the cases, including the instant case (lower court case number 03-34239) as the "Volusia" cases. The fifth case (lower court case number 03-606) was labeled by the parties as the "Flagler" case. The transcript reveals that the lower court intended to impose concurrent sentences in all the "Volusia" cases. As to the "Flagler" case, the court intended that count one, a 30-year sentence, be served concurrent with the Volusia sentences, but that count two, a 15-year sentence, be served consecutive to the 15-year sentence imposed for count two of Volusia case number 03-34239. The intended result was that Appellant serve a total of 30 years in prison in satisfaction of all of his cases.
Although the oral pronouncements by the trial court are clear and are consistent with the agreement of the parties, the written sentencing order in case number 03-34239 is at variance with the oral pronouncements. First, the written sentence states that count two is to be served consecutive to count two in the Flagler case, the opposite of what the trial court orally imposed. Second, the written order's requirement that the sentence for count two of Volusia case number 03-34329 be served after completion of the sentence for count two of the Flagler case, contravenes the trial court's oral pronouncement that all of the Volusia sentences were to be served concurrent to one another. As such, the oral pronouncements and written sentence conflict, a point with which the State does not take issue. Instead, the State argues that Appellant is not prejudiced by the discrepancy because he will serve a 30-year sentence regardless of which of the consecutive sentences is served first. This is true unless Appellant's sentences in the Flagler case are modified or nullified post conviction.
Because the written order is at variance with the oral pronouncement, we reverse it and remand this cause with instructions that the sentence in case number 03-34239, count two, be imposed concurrent *1139 with count one and the other Volusia case numbers 03-35343, 03-35042 and 04-30744, nunc pro tunc to the date the sentence was imposed.
AFFIRMED IN PART; REVERSED IN PART AND REMANDED.
PLEUS, C.J., SHARP, W., and TORPY, JJ., concur.